## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Amoseastern Apparel Inc. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   v. | ) | |
| | ) | |
| UNITED STATES CITIZENSHIP & | ) | |
| IMMIGRATION SERVICES | ) | |
| Office of the General Counsel | ) | |
| U.S. Department of Homeland Security | ) | |
| Mail Stop 3650 | ) | |
| Washington, DC 20528, | ) | |
| | ) | |
| JOHNSON, Jeh, Secretary, U.S. Dept. of | ) | |
| Homeland Security | ) | |
| Office of the General Counsel | ) | **CASE No.:** |
| U.S. Department of Homeland Security | ) | |
| Mail Stop 3650 | ) | |
| Washington, DC 20528, | ) | **COMPLAINT TO COMPEL AGENCY** |
| | ) | **ACTION AND MANDAMUS** |
| RODRÍGUEZ, León, Director, U.S. Citizenship | ) | |
| & Immigration Services | ) | |
| 20 Massachusetts Avenue | ) | |
| Washington, D.C. 20528, | ) | |
| | ) | |
| and NEUFELD, Donald, Associate Director, | ) | |
| U.S. Citizenship & Immigration Services, | ) | |
| Service Center Operations Directorate | ) | |
| 20 Massachusetts Avenue, | ) | |
| Washington, D.C. 20529-2090 | ) | |
| | ) | |
|     Defendants. | | |

## COMPLAINT TO COMPEL AGENCY ACTION AND MANDAMUS

Plaintiff Amoseastern Apparel Inc. ("Plaintiff"), by and through the undersigned

counsel, respectfully brings this Complaint for Writ of Mandamus, pursuant to 28 U.S.C. § 1361,

and requests an order to compel Defendants UNITED STATES CITIZENSHIP AND

IMMIGRATION SERVICES ("USCIS"), Jeh JOHNSON, León RODRÍGUEZ, and Donald NEUFELD (collectively, "Defendants"), to adjudicate the Form I-140 Immigrant Petition (Case Number SRC1190245807) filed by Plaintiff on behalf of the Beneficiary, Mr. Yanling Zhang ("Beneficiary").  In support thereof, Plaintiff alleges and states as follows:

## INTRODUCTION

This is a civil action brought to redress the deprivation of rights, privileges, and immunities secured to Plaintiff and Beneficiary, and to compel Defendants, as officers of the United States, to perform their duties owed to Plaintiff.  Plaintiff, a U.S. company, has properly filed with USCIS a Form I-140 Immigrant Petition for Alien Worker on behalf of its employee, Mr. Zhang, along with the required $580 filing fee on June 30, 2011.  Mr. Zhang is the Beneficiary of the Plaintiff's I-140, and Mr. Zhang satisfies the criteria for a multinational manager/executive. Despite publishing that it is currently processing Form I-140 petitions in approximately four to eight  months, USCIS has yet to adjudicate Plaintiff's petition filed on June 30, 2011, which has now been pending for nearly five years.

Defendants' inaction has caused Plaintiff significant injuries.  Plaintiff  has tried to secure for Mr. Zhang certain immigration benefits including permanent residence offered by the U.S. Congress to multinational executives and managers.  Defendants' failure to perform their clear duty to adjudicate Plaintiff's Form I-140 Petition filed over four and a half years ago is unreasonable, and Plaintiff is entitled to relief as set forth below.

## JURISDICTION

1.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff's claims arise under the laws of the United States, specifically the Immigration and Nationality Act ("INA"), related agency

regulations, and the Administrative Procedure Act ("APA")) 5 U.S.C. §§ 551(13), 555(b), 702, 706(1).

2.      This Court also has jurisdiction pursuant to  28 U.S.C. § 1361 (Mandamus Act) ("The District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff").

3.      There are no administrative remedies available to Plaintiff to redress the grievances described herein.  This action challenges the failure of Defendants to adjudicate Plaintiff's Form I-140 Petition in a reasonable time and does not challenge any discretionary act by Defendants.  The action does not challenge the granting or denial of an individual application or petition.  Therefore, the jurisdictional limitations of INA § 242, 8 U.S.C. § 1252, do not apply.

4.      Costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act. 5 U.S.C. § 504 and 28 U.S.C. §2412(d),  *et seq.*

## VENUE

5.      Venue properly lies in the District of the District of Columbia pursuant to 28 U.S.C. § 1391(e)(1)(A) and (B), as this is an action against officers and employees of the United States acting in their official capacities, brought in the district where one of the Defendants resides and/or where a substantial part of the events or omissions giving rise to the claim occurred.  Defendants Johnson, Rodriguez, and Neufeld perform a significant amount of their official duties and maintain their offices in the District of Columbia.

## PARTIES

### Plaintiff

6.        Plaintiff, Amoseastern Apparel Inc., is a New York corporation with its principal place of business in New York City, NY.  Plaintiff designs, produces, and imports women's apparel from China and sells the garments wholesale to U.S. retailers.

7.        Beneficiary, Mr. Zhang, is a Chinese citizen.  He established Plaintiff, Amoseastern Apparel Inc., in 2004 and is the company's sole shareholder.  In March 2007, Mr. Zhang set up a Chinese company called Hangzhou JuYichuang Trading Co., Ltd. ("HJT") of which he owns 70%.  Accordingly, Plaintiff, the U.S. employer, and HJT, the foreign employer, have a qualifying affiliate relationship as they are owned and controlled by the same majority shareholder.  Further, Plaintiff has been actively doing business since 2006, well over a year after the I-140 was filed on June 30, 2011.  The Beneficiary was employed with the foreign company, HJT, from March 2007 until November 2008 in an executive capacity.  He currently serves as President of the Plaintiff company in the U.S. where he is also in an executive/managerial position managing and directing the organization and establishing goals and policies of the Plaintiff company.  Plaintiff wishes to employ Beneficiary on an indefinite basis and accordingly filed a Form I-140 Petition on June 30, 2011 for that purpose.  Attached hereto as **Exhibit A** is a genuine copy of the cover letter for the original I-140 Petition which contains the filing date and a list of all evidence included with the I-140 filed by Plaintiff.[1]  Beneficiary, his spouse, and their minor child filed concurrent petitions for adjustment of status along with the I-140 petition requesting they be granted lawful permanent resident status upon approval of the Plaintiff's I-140 Petition.

---

[1] In the interests of brevity, Plaintiff has attached this excerpt of the I-140 Petition rather than a full copy of the voluminous original I-140 filing.

**Defendants**

8.      Defendant USCIS is the agency responsible for adjudicating I-140 Petitions.  Plaintiff's Form I-140 Petition is pending with the USCIS Texas Service Center. USCIS maintains the ultimate responsibility within the federal government for adjudicating Form I-140 Petitions, such as Plaintiff's petition.

9.      Defendant Donald Neufeld is the Associate Director of the USCIS Service Center Operations Directorate, whose office is in Washington, D.C.  He is sued in his official capacity.  As the Associate Director of USCIS Service Center Operations Directorate, he has the ultimate responsibility within his office for the adjudication of Plaintiff's I-140 Petition.

10.      Defendant León Rodríguez is the Director of USCIS, a subdivision of the Department of Homeland Security ("DHS").  He is sued in his official capacity.  In his capacity as Director, he has the ultimate responsibility within USCIS for adjudicating Plaintiff's I-140 Petition in a reasonable time.

11.      Defendant Jeh Johnson is the Secretary of DHS. He is sued in his official capacity. As the Secretary of DHS, he has ultimate responsibility for agencies within DHS including USCIS. In his capacity as Secretary, he oversees the actions and has ultimate responsibility for the actions of USCIS officers in adjudicating Plaintiff's I-140 Petition.

## EMPLOYMENT-BASED IMMIGRATION FOR MULTINATIONAL EXECUTIVES AND MANAGERS

12.      The Immigration and Nationality Act ("INA") section 203(b)(1)(C), 8 U.S.C. § 1153(b)(1)(C), establishes a preference allocation of visas for certain workers employed by multinational companies who, in the three years prior to the filing of their I-140 petitions, worked abroad for at least one year for a company or affiliate, branch, or subsidiary of a company in a managerial or executive position, and then seek to enter the United States to

continue to work for the same company or an affiliate, branch, or subsidiary in a managerial or executive capacity.  Through this program, a qualified multinational executive or manager, the spouse, and their unmarried children under age 21 may obtain lawful permanent residence.  The purpose of this provision is to allow companies to transfer business practices and knowledge.

13.     Forty thousand annual immigrant visas are allotted for the employment-based immigrant preference category, which includes the category for multinational executives and managers.  To qualify, the employee must, in the three years preceding the filing of an I-140 petition, work overseas for at least one year for a company or affiliate, branch, or subsidiary of a company and seek to enter the United States to continue to work for the same company or an affiliate in a managerial or executive capacity.  The company must have been in existence in the United States for at least one year.   INA  §  203(b)(1)(C),  8 U.S.C.  § 1153(b)(1)(C).

14.     To obtain lawful permanent residence for a multinational executive or manager, the U.S. employer must file a Form I-140 petition and a statement demonstrating that the beneficiary was employed in a managerial or executive position by the entity abroad for at least one year during the three years preceding entry, the U.S. employer is the same as or an affiliate of the overseas entity for which the beneficiary worked, and the U.S. employer has been doing business for at least one year.  The U.S. employer must also demonstrate its ability to pay the proffered wage and furnish a job offer stating that the beneficiary is to be employed in the U.S. in a managerial or executive capacity and describing the specific job duties.  The Form I-140 Petition must also be accompanied by supporting evidence and the appropriate fee (presently $580).  8 C.F.R. § 204.5.

15.     USCIS will approve the petition if the evidence submitted establishes eligibility, except where the applicable statute or regulations makes approval of a petition a matter entrusted to USCIS' discretion.  8 C.F.R. § 103.2(b)(8)(i).  If approval of a petition is entrusted to USCIS' discretion, then USCIS will approve the petition only if the evidence of record establishes both eligibility and that a favorable exercise of discretion is warranted.  8 C.F.R. § 103.2(b)(8)(i).  Plaintiff's Form I-140 Petition is not entrusted to USCIS' discretion.

16.     According to the regulations, if initial evidence submitted with Plaintiff's Form I-140 Petition does not establish eligibility, USCIS may either: 1) deny the petition for ineligibility; 2) request more information or evidence, which must be submitted within a specified time determined by USCIS; or 3) notify the petitioner of its intent to deny the petition and the basis for the proposed denial, and require that the petitioner respond within a specified period of time.  8 C.F.R. § 103.2(b)(8)(iii).

17.     Section 555(b) of the Administrative Procedure Act requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall proceed* to conclude a matter presented to it."  5 U.S.C. § 555(b) (emphasis added).  A violation of the agency's duty to resolve matters within a reasonable time is a sufficient basis for mandamus relief. *See e.g. Sierra Club v. Thomas*, 828 F.2d 783, 797 (D.C. Cir. 1987).  Moreover, § 1572, included in the Immigration Services and Infrastructure Improvements Act of 2000, provides that as a policy, "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application . . . ."  8 U.S.C. § 1571(b).

18.     A standard for reasonable processing time can be informed by (1) the 180 days contemplated by Congress in 8 U.S.C. § 1571, and (2) current USCIS processing times. *Mohamed v. Dorochoff et al.*, No. 11C1610, 2011 WL 4496228, *5 (N.D. Ill. Sept. 22, 2011).

19.     The latest figures from USCIS, as of June 20, 2016, reflect that its current time for processing I-140 Petitions is about 4 to 8 months depending on the Service Center processing the petition.  In other words, as of mid-June, 2016, on average USCIS has finalized the processing of I-140 Petitions filed approximately between October 2015 and February 2016.  Attached hereto as **Exhibit B** is a genuine and complete copy of the current processing times for I-140 Petitions filed with USCIS as of June 20, 2016.

20.     USCIS received Plaintiff's Form I-140 Petition and $580 filing fee on June 30, 2011.  Attached hereto as **Exhibit C** is a genuine and complete copy of the I-797 Receipt Notice issued by Defendants confirming receipt of Plaintiff's I-140 Petition on June 30, 2011.  USCIS issued a Request for Evidence ("RFE") on February 16, 2012.  Attached hereto as **Exhibit D** is a genuine and complete copy of Defendants' Request for Evidence. Plaintiff promptly responded to the RFE and provided the requested documentation on May 8, 2012.  Attached hereto as **Exhibit E** is a genuine copy of the cover letter for Plaintiff's response to Defendant's RFE which contains the filing date and a list of the evidence provided in response to the RFE.[2]  Plaintiff and prior counsel made several inquiries to USCIS regarding the status of the Petition with no results.  Although Plaintiff provided all requested evidence in their May 8, 2012 RFE response, in July 2015, Plaintiff filed a Supplemental Response to the RFE with updated evidence in an  effort to prompt a decision from USCIS on the long pending case. Attached hereto as **Exhibit F** is a genuine copy of the cover letter for Plaintiff's

---

[2] In the interests of brevity, Plaintiff has attached this excerpt of the RFE Response rather than a full copy of the voluminous RFE Response.

Supplemental RFE Response.[3]   Plaintiff received no response or acknowledgement of this filing from USCIS. To date, Plaintiff's Form I-140 Petition remains unadjudicated.

21.      Plaintiff's Form I-140 Petition was filed on June 30, 2011, well before the current average October 2015/February 2016 processing dates as posted on USCIS' website. *See* **Exhibits B-C**.   Plaintiff's Form I-140 Petition has been pending in excess of  4 to 8 months; indeed, it has been pending in excess of four and a half years.

22.      Mr. Zhang satisfies the criteria for a multinational executive or manager given his current and prior employment with Plaintiff and Plaintiff's foreign affiliate company, HJT. Plaintiff has satisfied the requirements for filing the Form I-140 Petition, including demonstrating its ability to pay the proffered wage, establishing the necessary qualifying relationship with the foreign company, and providing the $580 filing fee to USCIS.

23.      Defendants owe a non-discretionary duty to Plaintiff to adjudicate Plaintiff's Form I-140 Petition in a reasonable time.

24.      Defendants have violated that duty.

25.      Defendants' failure to adjudicate Plaintiff's Form I-140 Petition unlawfully deprives Mr. Zhang and his family of immigration benefits that they are entitled to pursue.

26.      Defendants' failure to adjudicate Plaintiff's Form I-140 Petition adversely affects Plaintiff as the company cannot adequately plan for the future without knowing whether the I-140 Petition for its longtime President will be approved or denied.

---

[3] In the interests of brevity, Plaintiff has attached this excerpt of the Supplemental RFE Response rather than a full copy of the voluminous Supplemental RFE Response.

27.     Defendants' unreasonable delay in adjudicating Plaintiff's Form I-140 Petition has had a substantial negative impact on the welfare of Mr. Zhang, his family, and on the welfare of the Plaintiff company.

28.     Expediting the delayed adjudication of the Form I-140 Petition would have no adverse effect on agency activities of a higher or competing priority.

## FIRST CAUSE OF ACTION
### (Violation of the APA 5 U.S.C. § 706(1) Unlawfully Withholding or Unreasonably Delaying Agency Action)

29.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     Defendants have a non-discretionary duty to conclude a matter presented to it within a reasonable time. 5 U.S.C. § 555(b).

31.     Defendants have failed and/or refused to adjudicate Plaintiff's case even though more than a reasonable time has passed since the filing of its application.

32.     Plaintiff does not have any administrative remedies available to it aside from the application process about which it is now complaining.

33.     The APA requires federal courts to compel agency action that is unlawfully withheld and/or unreasonably delayed. 5 U.S.C. § 706(1).

## SECOND CAUSE OF ACTION
### Mandamus Act, 28 U.S.C. § 1361

34.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     As an alternative basis for jurisdiction and compelling government officials to act, Plaintiff relies on the Mandamus Act, 28 U.S.C. § 1361.

36.     Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. § 1361.

37.     Mandamus relief is appropriate in this case, where Defendants owe a clear non-discretionary duty to Plaintiff to adjudicate its Form I-140 Petition in a reasonable time, and Defendants have been derelict in this duty.

38.     Defendants' failure to adjudicate the I-140 Petition for over four and a half years is a case of extreme agency delay.

39.     Defendants owe Plaintiff a duty to act upon the I-140 Petition and have unreasonably failed to perform that duty.

40.     Plaintiff has exhausted any administrative remedies that may exist. Plaintiff has no other remedy for relief except to compel Defendants to adjudicate its Form I-140 Petition through mandamus.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectively asks this Court to:

A.     Compel Defendants and those acting under them to perform their duty to adjudicate the I-140 application owed to Plaintiff;

B.     Issue a writ of mandamus compelling Defendants and those acting under them to perform their duties and complete the adjudication of Plaintiff's Form I-140 Petition;

C.     Grant reasonable attorney's fees and costs of court pursuant to the Equal Access to Justice Act; and

D.      Grant such other and further relief as this Court deems proper and just under the circumstances.

Dated: June 22, 2016.

Respectfully submitted,

/s/ Mindy L. Rattan
J. David Folds, Bar No. 449791
Mindy L. Rattan, Bar No. 467553
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
901 K Street NW, Suite 900
Washington, D.C. 20001
T 202.508.3400 / F 202.508.3402
dfolds@bakerdonelson.com
mrattan@bakerdonelson.com
and

Robert C. Divine *
(*pro hac vice admission pending*)
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
633 Chestnut Street
1800 Republic Centre
Chattanooga, TN 37450
(423) 752-4416- Telephone
(423) 752-9533- Facsimile
rdivine@bakerdonelson.com

*Attorneys for Plaintiff*